**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Deborah Ann Francis,<br><br>Plaintiff,<br><br>v.<br><br>Sue Dosal, Mark Thompson, Leah Wermerskirchen,<br><br>Defendants. | Civil No. 11-CV-1536 (SRN/AJB)<br><br>**ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION** |

Deborah Ann Francis, 3945 Lancaster Lane N. Apt #223, Plymouth, MN 55441-1717, pro se Plaintiff

John S. Garry, Assistant Attorney General, Atty. Reg. No. 208899, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, Counsel for Defendants

SUSAN RICHARD NELSON, United States District Judge

This matter is before the undersigned United States District Court Judge on the Report and Recommendation ("R & R") of Chief Magistrate Judge Arthur J. Boylan dated December 26, 2012.  (R & R [Doc. No. 65].)  Plaintiff Deborah Ann Francis subsequently filed a "Notice of Motion Objection" to the R & R.  (Doc. No. 66).  For the reasons set forth below, Plaintiff's objections are overruled and the Court adopts the R & R.

**I. BACKGROUND**

The factual and procedural background of Plaintiff's case is thoroughly detailed in the Chief Magistrate Judge's R & R and is incorporated herein by reference.  (R & R [Doc. No. 65].)  Plaintiff, an African-American female, brought this civil rights action under 42

U.S.C. § 1983 and 42 U.S.C. § 1981 against Minnesota state court administrators - defendants Sue Dosal, Mark Thompson, and Leah Wermerskirchen.  In her complaint, Plaintiff alleges that the jury selection procedure in Hennepin County violates the equal protection clause of the Fourteenth Amendment by asking prospective grand jurors a voluntary question regarding race.  (Am. Compl. ¶¶ 89-90 [Doc. No. 23].)  Plaintiff further alleges that asking questions regarding race allows court administrators to personally exclude potential jurors on the basis of race.  (Id. ¶¶ 57, 89-90.)

In their Motion for Summary Judgment, Defendants contend that there are no genuine issues of material fact in dispute and that Plaintiff's claim fails as a matter of law. (Def's. Mem. Supp. Mot. for Summ. J. at 3 [Doc. No. 39].)  Specifically, Defendants argue that Plaintiff's § 1983 claim fails because she cannot establish the prima facie elements of an equal protection violation in the grand juror selection process. (Id.)  In her cross motion for summary judgment, Plaintiff asserts that she has established the elements of a constitutional violation.  (Pl.'s Mem. Supp. Mot. for Summ. J. [Doc. No. 57].)  In the R & R addressing these motions, Chief Magistrate Judge Boylan recommended that Plaintiff's Motion for Summary Judgment be denied and Defendants' Motion for Summary Judgment be granted. (R & R at 15 [Doc. No. 65].) Accordingly, he further recommended that the Amended Complaint in this action be dismissed with prejudice and judgment be entered for the Defendants. (Id.)

## II.  DISCUSSION

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made.  28 U.S.C. §

636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Summary judgment must be granted, entitling the movant to judgment as a matter of law, if the movant shows that no genuine disputes of material fact exist. Fed. R. Civ. P. 56.

In her Objection, Plaintiff does not challenge any specific ruling in the R & R. Rather, she objects to it "in its entirety for the reasons set forth in [her] complaint." (Objection at 1 [Doc. No. 66].)  As stated above, this Court's review of the R & R is limited to those portions to which specific objections have been made.

Liberally construing Plaintiff's arguments in light of her pro se status, *see Horsey v. Asher*, even if she had made specific objections, the conclusions of the R & R must stand. 741 F.2d 209, 211 n. 3 (8th Cir. 1984).  Chief Magistrate Judge Boylan correctly analyzed the merits of Plaintiff's § 1983 claim under *Floyd v. Garrison* and examined the three requirements Plaintiff must meet to establish a prima facie equal protection violation.  996 F.2d 947, 949 (8th Cir. 1993).  As set forth in the R & R, Plaintiff must show that:

> (1) blacks are "a recognizable, distinct class, singled out for different treatment;"
> (2) blacks were substantially underrepresented in jury pools over a significant period of time; and
> (3) the jury-selection process is "susceptible of abuse or is not racially neutral."

(R & R at 10 [Doc. No. 65]) (citing *Floyd v. Garrison*, 996 F.2d 947, 949 (8th Cir. 1993).)

The Chief Magistrate Judge correctly determined that the first element of the test was met because it is undisputed that African-Americans "are members of a group recognizable as a distinct class capable of being singled out for different treatment under the law."  (Id.) (citing *Rose v. Mitchell*, 443 U.S. 545, 565 (1979)).

3

Chief Magistrate Judge Boylan properly determined that the second element was not met because Plaintiff based her claims on the lack of African-Americans on a single grand jury, and a single discrepancy "cannot demonstrate systematic exclusion."  (Id. at 11) (citing *United States v. Horne*, 4 F.3d 579, 588 (8th Cir. 1993).)  Furthermore, Plaintiff failed "to provide any evidence comparing the proportion of African-Americans in the total population to the proportion called to serve as grand jurors." (Id. at 12.) Chief Magistrate Judge Boylan also correctly found that even if Plaintiff had attempted to provide this evidence, she would not have been successful because the data show a slight overrepresentation of African Americans on grand juries in the Fourth Judicial District as compared to the census percentage of African Americans eligible to serve on grand juries in the Fourth Judicial District.  (Id.)

Finally, the Magistrate Judge properly determined that even if the second *Floyd v. Garrison* requirement had been met, the third requirement had not been.  (Id. at 13.) Plaintiff provided no support for her claim that the presence of the race identification question on the jury qualification form allowed for discrimination.  (Id.)  Moreover, Defendants provided evidence that the jury selection process is performed randomly by computer, not personally by administrators.  (Id. at 14.)  This process does not use race information voluntarily provided by potential jurors.  (Id.)

In conclusion, the Court finds that Chief Magistrate Judge Boylan properly analyzed the parties' cross motions for summary judgment.  The Court therefore adopts his recommendations granting Defendants' motion and denying Plaintiff's motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's Motion for Summary Judgment (Doc. No. 56) is **DENIED**;

2. The Defendants' Motion for Summary Judgment (Doc. No. 37) is **GRANTED**; and

3. The Amended Complaint in this action is **DISMISSED with prejudice** and judgment is entered for the Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 24, 2013
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge